UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:20-CV-00014-GNS

JEFFREY WARNER, et al.                                                        PLAINTIFFS

v.

STATE AUTO INSURANCE COMPANIES, et al.                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand (DN 8), Defendants' Motions for Judgment on the Pleadings (DNs 10, 12), and Plaintiffs' Motion to Strike or Place in Abeyance Defendants' Motions for Judgment on the Pleadings (DN 15). These matters are now ripe for adjudication. For the reasons that follow, Plaintiff's motion to remand is **GRANTED** and the remaining motions are **DENIED AS MOOT**.

### I.      BACKGROUND

#### A.     Statement of Facts

This matter arises out of an insurance dispute between a multitude of named parties. In October 2008, Defendant Russell County Insurance Services, Inc. ("RCIS") sold a commercial insurance policy to the Bernard Ridge Church of God (the "Church"). (Notice Removal Ex. A, ¶ 15, DN 1-2 [hereinafter Compl.]).[1] This policy was issued by Defendant State Auto Property and Casualty Insurance Company, a wholly owned subsidiary of Defendant State Auto Insurance Companies (collectively, "State Auto"). (Compl. ¶¶ 3, 16). On February 14, 2018, a fire damaged

---

[1] Plaintiffs Jeffrey Warner, William Paul Aaron, Jackie Aaron, Brian Aaron, and Phillip Gaskins bring suit in their official capacities as Trustees for the Church. (Compl. ¶ 1). Jeffrey Warner, Paul Aaron, and Jackie Aaron also sue in their individual capacities. (Compl. ¶ 1). These plaintiffs are collectively referred to as "Plaintiffs."

1

the Family Life Center of the Church. (Compl. ¶ 19). Following extinguishment of the fire, the scene was examined and investigated for arson by the Kentucky State Police ( "KSP"), who ordered that the scene be locked down pending further investigation. (Compl. ¶¶ 20-21). According to Plaintiff, State Auto ignored police orders and hired several fire investigators who then investigated the scene and illegally removed pieces of evidence. (Compl. ¶¶ 22-23). Plaintiffs further allege that RCIS; State Auto; Sharon Hill as the owner of RCIS ("Hill"); and Kevin McBride, Mike Wakefield, Jeff Fink, Julie Corbett, and Christopher Elliott ("Elliott") as employees of State Auto, (collectively, the "Defendants"), all conspired to illegally influence the arson investigation of the KSP. (Compl. ¶¶ 4-12, 26). Plaintiffs allege that Defendants then failed to perform a proper investigation, attempted to conceal their own spoliation of the fire scene, and generally schemed to undermine the insurance claims of the Church. (Compl. ¶¶ 27-30).

### B. Procedural History

On January 6, 2020, Plaintiffs filed a lawsuit against Defendants in Russell Circuit Court, Civil Action No. 20-CI-00101, alleging breach of contract, tort claims, violations of numerous Kentucky laws including the Kentucky Unfair Claims Settlement Practices Act ("UCSPA"), emotional distress, and violation of the Kentucky Consumer Protection Act. (Compl. ¶¶ 32-76). On January 27, 2020, State Auto removed the case to this Court alleging subject matter jurisdiction via diversity of citizenship, pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332(a)(1), respectively. (Notice Removal ¶ 10, DN 1). Although Plaintiffs are residents of Kentucky and RCIS, Hill, and Elliott are as well, State Auto contends that the citizenships of the non-diverse defendants should not be considered for diversity jurisdiction purposes because they are nominal or sham parties. (Notice Removal ¶¶ 8-9). On February 6, 2020, Plaintiffs moved to remand this case back to Russell Circuit Court. (Pls.' Mot. Remand, DN 8). Defendants responded, and

Plaintiffs replied. (Defs.' Resp. Pls.' Mot. Remand, DN 9; Pls.' Reply Mot. Remand, DN 16). Defendants then moved for judgment on the pleadings. (Defs.' Mots. J. Pleadings, DNs 10, 12). In lieu of a response, Plaintiffs moved to strike the motions for judgment on the pleadings, or, alternatively, to place the motions in abeyance. (Pls.' Mot. Strike & Abeyance, DN 15). Defendants responded, and Plaintiffs replied. (Defs.' Resps. Pls.' Mot. Strike & Abeyance, DNs 18, 20; Pls.' Replies Mot. Strike & Abeyance, DNs 19, 21). These matters are now ripe for decision.

## II. DISCUSSION

A civil case in state court may be removed to federal court if the plaintiff could have initiated the case in federal court originally. 28 U.S.C. § 1441(a). A federal district court has subject matter jurisdiction via diversity over "all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States." 28 U.S.C. § 1332(a). Here, as noted, this case was initially filed in Russell Circuit Court, naming multiple Defendants who are both diverse and non-diverse from Plaintiffs. (Compl. ¶¶ 1-12; Notice Removal ¶¶ 1, 5-10). Plaintiffs are residents of Kentucky, as are three Defendants—RCIS, Hill, and Elliott. (Compl. ¶¶ 1-2, 5-7). Defendants contend that the diversity of these three parties should not be considered because they were joined by Plaintiffs in an attempt to prevent this Court from exercising jurisdiction. (Defs.' Resp. Pls.' Mot. Remand 2).

When a party removes a non-diverse case to federal court on diversity jurisdiction grounds, the party can defeat a motion to remand by showing that all non-diverse parties were fraudulently joined. *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 951 (6th Cir. 2011) (citation omitted). "Fraudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action." *Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620,

624 (6th Cir. 2009) (citing *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999)). This Sixth Circuit has provided some clarification on whether a cause of action is "colorable:"

> To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve "all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the nonremoving party." All doubts as to the propriety of removal are resolved in favor of remand.

*Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (internal citations omitted) (discussing *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)). This burden has been characterized as a "a heavy one," in which the removing party "faces an uphill struggle in persuading the Court that not only does the complaint fail to state a claim against the non-diverse defendant, but that there is not even a colorable argument that it does." *Walker*, 443 F. App'x at 953 (citation omitted); *Legacy Commercial Flooring Ltd. v. United Am. Healthcare Corp.*, No. 2:10-CV-0486, 2010 WL 3463364, at *2 (S.D. Ohio Aug. 27, 2010) (citation omitted). As such, this Court is tasked with answering the limited question of whether there is any claim against any non-diverse defendant that is even arguably permissible under Kentucky law. If there is even a "glimmer of hope" that one of Plaintiffs' claims can succeed, then this Court is stripped of subject matter jurisdiction over all claims. *Murriel-Don Coal Co. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 597 (E.D. Ky. 2011) (citation omitted).

Attempting to meet this heavy burden, Defendants contend that Plaintiffs have failed to state a colorable claim as to each of the non-diverse Defendants—Elliott, Hill, and RCIS. Defendants' arguments suffer from three major problems, however. First, they selectively argue that *some* of Plaintiffs' claims are not viable as to the non-diverse Defendants—e.g., the bad faith

4

and negligence claims against Elliott, all claims under the Kentucky Consumer Protection Act, the claims against Hill as an adjuster. (Defs.' Resp. Pls.' Mot. Remand 3-8). As noted by Plaintiffs, however, they have made multiple allegations against Defendants who allegedly acted in concert to defeat Plaintiffs' insurance claim. (Pls.' Reply Mot. Remand 2). Specifically, Plaintiffs allege that Defendants committed various torts acting together to breach the fire scene, taking evidence, and then launching a fraudulent subrogation claim. (Compl. ¶¶ 19-23; Pls.' Reply Mot. Remand 2). While more clarification from Plaintiffs about those torts would certainly be helpful, Defendants have not shown that there are no colorable claims against them on that front, for say fraud[2] or conspiracy[3] or trespass.[4] Plaintiffs also pleaded that Defendants collectively violated numerous statutes, actionable under KRS 446.070, which provides: "A person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation."[5] Again, some

---

[2] "In a Kentucky action for fraud, the party claiming harm must establish six elements of fraud by clear and convincing evidence as follows: a) material representation b) which is false c) known to be false or made recklessly d) made with inducement to be acted upon e) acted in reliance thereon and f) causing injury." *United Parcel Serv. Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999) (citation omitted).

[3] "In order to prevail on a claim of civil conspiracy, the proponent must show an unlawful/corrupt combination or agreement between the alleged conspirators to do by some concerted action an unlawful act." *Peoples Bank of N. Ky., Inc. v. Crowe Chizek & Co. LLC*, 277 S.W.3d 255, 261 (Ky. App. 2008) (citation omitted),

[4] "When bringing a claim for intentional trespass, '[a]ny intended intrusion or encroachment which is not privileged is actionable without regard for the shortness of the period of the interference, or the absence of pecuniary harm.'" *Merrick v. Diageo Ams. Supply, Inc.*, 5 F. Supp. 3d 865, 879 (W.D. Ky. 2014), *aff'd*, 805 F.3d 685 (6th Cir. 2015) (quoting *Smith v. Carbide & Chems. Corp.*, 226 S.W.3d 52, 54 (Ky. 2007)).

[5] The Kentucky Supreme Court has discussed the purpose of this statute: "In accord with traditional legal principles related to the common law concept of negligence per se, the statute applies when the alleged offender violates a statute and the plaintiff comes within the class of persons intended to be protected by the statute." *St. Luke Hosp., Inc. v. Straub*, 354 S.W.3d 529, 534 (Ky. 2011). KRS 446.070 only applies to violations of statutes that are "penal in nature." *Hargis v. Baize*, 168 S.W.3d 36, 40 (Ky. 2005) (citations omitted).

elucidation by Plaintiffs on how these statutes apply to the case at hand would be helpful, but the burden is on Defendants to prove that Plaintiffs have stated no colorable claims against the non-diverse Defendants.

Second, and more damaging for Defendants, when arguing that there is no colorable claim against Elliott for negligence Defendants repeatedly state that "no Kentucky courts appear to have specifically addressed claim representative liability under the theory of negligence . . . ." (Defs.' Resp. Pls.' Mot. Remand 5; Defs.' Mem. Supp. Mot. J. Pleadings, DN 10-1). Defendants then cite to non-Kentucky cases to support their argument that "negligence is not among the theories of recovery generally available against insurers . . . ."[6] (Defs.' Resp. Pls.' Mot. Remand 5). But, even if this Court finds every case cited by Defendants to be persuasive, this Court cannot conclude that this claim *under Kentucky law* is not at least colorable. In fact, this Court in *Fulton County v. Underwriters Safety & Claims, Inc.*, No. 5:18-CV-138-TBR, 2019 WL 97080 (W.D. Ky. Jan. 3, 2019), recently concluded that Kentucky law does not immunize a claims adjuster against all claims by an insured. *Id*. at *3. The question is not whether Plaintiffs *will* be successful on such claims; it is whether Plaintiffs *could* be successful on this claim. *See Kent State Univ. Bd. of Trs. v. Lexington Ins. Co.*, 512 F. App'x 485, 489 (6th Cir. 2013) ("[A] claim is colorable 'if the state law *might* impose liability on the resident defendant under the facts alleged.'" (citation omitted)). If the state court finds these arguments persuasive, it is of course that court's prerogative to dismiss the negligence charge against Elliott. *See Legacy*, 2010 WL 3463364, at *2 (noting that remand is proper even though "the defendant may ultimately succeed in having the claim dismissed by the state court . . . .").

---

[6] Defendants even include a lengthy block quote from *Sanchez v. Lindsey Morden Claims Services., Inc.*, 72 Cal. App. 4th 249, 255 (1999), which explores the policy reasons for not imposing a duty of care onto insurance adjusters. (Defs.' Resp. Pls.' Mot. Remand 5).

Third, Defendants contend that there is no colorable claim against Hill as an allegedly unlicensed claims adjuster. (Defs.' Resp. Pls.' Mot. Remand 7-8; Compl. ¶ 31). If Hill acted as a claims adjuster without a license, she would run afoul of KRS 304.9-430(1),[7] one of the statutory provisions cited to by Plaintiffs in the Complaint. (Compl. ¶¶ 55-56). The crux of Defendants' argument here appears to be that, even though the Complaint alleged that "Hill undertook the adjustment of the CHURCH's claim . . .", the Complaint failed to specifically identify whether Hill was acting as an "independent, staff, or public adjuster." The significance of this lack of specificity is unclear, however. If Hill acted as an unlicensed claims adjuster, she presumably violated KRS 304.9-430(1) regardless of the capacity in which she acted as an adjuster. Defendants have offered no case citation to support their argument that Plaintiffs have failed to state a colorable claim against Hill on these grounds.

As a final note, the parties dispute whether it is appropriate for this Court to consider Defendants' two motions for judgment on the pleadings before deciding the motion to remand. Generally speaking, federal courts may not entertain substantive motions unless subject matter jurisdiction is first established. *See* Fed. R. Civ. P. 12(h)(3). As such, the general rule is that "[w]hen confronted with a motion to remand and a motion to dismiss, the Court must decide the motion to remand first." *Open Sys. Techs. DE, Inc. v. Transguard Ins. Co. of Am.*, No. 1:14-CV-312, 2014 WL 3625737, at *2 (W.D. Mich. July 22, 2014) (citation omitted). Even so, determining whether a plaintiff has stated a colorable claim against a non-diverse defendant necessitates at least some consideration of the merits of the case. As such, in *Ring's Crossroads Market Inc. v. Cincinnati Indemnity Co.*, No. 1:14-CV-00105-DJH, 2015 WL 4624252 (W.D. Ky. Aug. 3, 2015),

---

[7] This statute provides: "No person shall in this state act as or hold himself, herself, or itself out to be an independent, staff, or public adjuster unless then licensed by the Kentucky Department of Insurance as an independent, staff, or public adjuster."

7

this Court simultaneously considered a motion to remand and a motion for judgment on the pleadings. *Id.* at *4. In the case *sub judice*, however, Defendants' motions for judgment on the pleadings do not present additional arguments to counter the above analysis. As such, those motions as well as Plaintiffs' motion to strike are denied as moot.

In conclusion, Plaintiffs claims against the non-diverse defendants are far from perfect, are vague at times, and may ultimately be dismissed by the Russell Circuit Court. Defendants arguments concerning the invalidity of *some* of Plaintiffs' claims are even quite persuasive. Nevertheless, Defendants have not carried their burden of demonstrating that *no* colorable claim exists against any of the three non-diverse defendants. To the contrary, Plaintiffs have alleged several claims that may be permissible against RCIS, Hill, or Elliott under Kentucky law. Defendants have therefore not met the heavy burden needed to establish fraudulent joinder of non-diverse parties.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (DN 8) is **GRANTED**, and this matter is **REMANDED** to Russell Circuit Court. Defendants' Motions for Judgment on the Pleadings (DNs 10, 12) and Plaintiffs' Motion to Strike or Place in Abeyance Defendants' Motions for Judgment on the Pleadings (DN 15) are **DENIED AS MOOT**. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

April 14, 2020

cc: counsel of record
Clerk, Russell Circuit Court (Civil Action No. 20-CI-00101)